THE CITY OF PEORIA, Petitioner-Appellant and Cross-Appellee, v. HAR-RIETT L. FEUCHTER et al., Defendant-Appellee and Cross-Appellant— (Township of Medina, Intervening Appellee and Cross-Appellant; Chillicothe Township Park District, Intervening Appellee).

Third District   Nos. 82—521 through 82—524 cons.

Opinion filed June 3, 1983.

HEIPLE, J., specially concurring.

Tim Swain, Beth Johnson, David L. Thomas, and Eric Margolis, all of Peoria, for appellant.

Michael T. Mahoney, John P. Edmonds, and Richard V. Laukitis, all of Edmonds, Laukitis & Mahoney, Ltd., of Chilicothe, for appellees Harriett L. Feuchter et al.

Kehr Law Offices, of Chillicothe, and Cassidy & Mueller, of Peoria, for appellee Chillicothe Township Park District.

Timothy L. Bertschy, of Heyl, Royster, Voelker & Allen, of Peoria, for appellee Township of Medina.

JUSTICE BARRY delivered the opinion of the court:
This consolidated appeal arises from a condemnation proceeding filed by the city of Peoria to condemn for park purposes certain land located beyond the city boundaries. The city planned to transfer title of the land to the Pleasure Driveway and park district of Peoria for development as a park and natural conservation area. In the four condemnation actions involved in this appeal the circuit court of Peoria County ruled that the city had no authority to condemn the land in question in the absence of referendum approval as required by section 11—95—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 11—95—1). Summary judgment was entered in favor of defendant land owners and the intervenors (Chillicothe Township Park Dis-

trict and Medina Township). The city of Peoria has appealed.

In a companion case decided today, *City of Peoria v. Keehner* (1983), 115 Ill. App. 3d 130, we ruled that the city of Peoria may not acquire land beyond its borders by eminent domain without referendum approval as required by statute. That case arose out of separate condemnation actions which were a part of the same park development plan as this case. The facts and issues here are identical to the facts and issues in that case. Our ruling in that case controls here, and we, therefore, affirm the result arrived at by the trial court.

In its judgment order, the trial court stated that the only ground for entering judgment in favor of the landowners was that the city failed to obtain referendum approval as required by the statute authorizing extraterritorial condemnation. The trial court further held however that a city may condemn land which is not contiguous and adjacent to its borders, and that the agreement between the city and the park district was lawful. Both rulings were the basis for a cross-appeal by the landowners and by intervenor Medina Township. Since we have affirmed the judgment entered by the trial court, the issues raised by the cross-appeal are moot and need not be considered by us.

For the reasons stated, we affirm the judgment of the trial court in favor of the landowners.

Affirmed.

SCOTT, J., concurs.

JUSTICE HEIPLE, specially concurring:

While I concur with the bottom line of the majority opinion in favor of the landowners, I would add that the majority opinion fails to deal with the core issue of the right of the city to condemn property extraterritorially. The city does not have the power it seeks to exercise in this case. The rationale for this special concurring opinion is fully delineated in the companion case of *City of Peoria v. Keehner* (1983), 115 Ill. App. 3d 130, wherein I also specially concurred.